1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID HYYTINEN,

            Plaintiff,

v.

IAN MORHOUS, et al.,

            Defendants.

CASE NO. C14-5537 BHS

ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
GRANTING IN PART AND
DENYING IN PART
DEFENDANTS' MOTION FOR
ATTORNEY FEES

13

14

15

16

17

18

        This matter comes before the Court on Defendant Ian Morhous's ("Morhous")

motion for summary judgment and motion for attorney fees (Dkt. 16).  The Court has

considered the pleadings filed in support of and in opposition to the motions and the

remainder of the file and hereby grants the motion for summary judgment and grants the

motion for attorney fees in part and denies it in part for the reasons stated herein.

19

20

21

22

                            **I. PROCEDURAL HISTORY**

        On December 17, 2012, Plaintiff David Hyytinen ("Hyytinen") filed an amended

complaint against the Washington State Patrol ("State Patrol") and the City of Bremerton

in Kitsap County Superior Court.  Dkt. 17, Declaration of Paul Triesch ("Triesch Dec."),

1  Ex. D.  Hyytinen alleged that the State Patrol violated his federal due process rights and

2  acted negligently when it seized his Cadillac Escalade.  *Id.*

3         On May 10 and June 28, 2013, the trial court dismissed Hyytinen's claims against

4  the State Patrol.  Triesch Dec., Exs. B, C.  Hyytinen appealed the trial court's judgment.

5  Triesch Dec. ¶ 11.  During oral argument before the court of appeals, Hyytinen's counsel

6  acknowledged that he could have alleged a claim against Morhous under 42 U.S.C.

7  § 1983, but purposely did not do so.  Triesch Dec., Ex. I at 21–22.

8         The Washington Court of Appeals affirmed the trial court's dismissal.  On January

9  29, 2015, Hyytinen petitioned the Washington Supreme Court for review.  Dkt. 20,

10  Declaration of Rick Wathen, Ex. A.

11         On July 3, 2014, Hyytinen filed a 42 U.S.C. § 1983 suit against Morhous, Jane

12  Doe Morhous, John Doe, and Jane Doe in this Court.  Dkt. 1.  Hyytinen alleges that

13  Morhous violated his federal and state due process rights and acted negligently when

14  Morhous seized his Escalade.  *Id.*

15         On January 15, 2015, Morhous moved for summary judgment and attorney fees.

16  Dkt. 16.  On February 2, 2015, Hyytinen responded.  Dkt. 19.  On February 3, 2015,

17  Morhous replied.  Dkt. 23.

18                    **II. FACTUAL BACKGROUND**

19         In 2004, the Bremerton Police Department ("Department") seized a Cadillac

20  Escalade during the course of drug enforcement activity.  Dkt. 18, Declaration of Ian

21  Morhous ("Morhous Dec."), Ex. B at 3.  In 2007, Hyytinen purchased the Escalade from

22  the Department at an auction.  *Id.*

1   On July 5, 2011, Hyytinen brought the Escalade to the State Patrol for a VIN

2   inspection.  *Id.* at 4.  At the time, Morhous was a detective in the State Patrol's Criminal

3   Investigation Division.  Morhous Dec. ¶ 2.  During the inspection, a State Patrol

4   employee discovered that the Escalade had been stolen from a car dealership in Canada in

5   November 2002.  Morhous Dec., Ex. B at 4.  The employee notified Morhous that the

6   Escalade was stolen.  Morhous Dec. ¶ 4.

7   On July 6, 2011, Morhous informed Hyytinen that the Escalade was stolen and

8   therefore would not be returned to him.  Morhous Dec. ¶ 5.  The Escalade was returned to

9   the insurance company for the car dealership in Canada.  *Id.* ¶ 8.

10   **III. DISCUSSION**

11   Morhous moves for summary judgment, arguing that all of Hyytinen's claims

12   should be dismissed.  Dkt. 16.  Morhous also moves for attorney fees under RCW

13   4.84.185.  *Id.* at 12.

14   **A.    Summary Judgment Standard**

15   Summary judgment is proper only if the pleadings, the discovery and disclosure

16   materials on file, and any affidavits show that there is no genuine issue as to any material

17   fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

18   The moving party is entitled to judgment as a matter of law when the nonmoving party

19   fails to make a sufficient showing on an essential element of a claim in the case on which

20   the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

21   323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

22   could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

1  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

2  present specific, significant probative evidence, not simply "some metaphysical doubt").

3  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

4  if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

5  jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

6  U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

7  626, 630 (9th Cir. 1987).

8        The determination of the existence of a material fact is often a close question. The

9  Court must consider the substantive evidentiary burden that the nonmoving party must

10  meet at trial—e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

11  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

12  issues of controversy in favor of the nonmoving party only when the facts specifically

13  attested by that party contradict facts specifically attested by the moving party.  The

14  nonmoving party may not merely state that it will discredit the moving party's evidence

15  at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

16  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

17  nonspecific statements in affidavits are not sufficient, and missing facts will not be

18  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

19  **B.    Motion for Summary Judgment**

20        Morhous moves for summary judgment on several grounds.  Dkt. 16.  In response,

21  Hyytinen argues that Morhous's motion is not ripe for consideration until all state

22  appellate options have been exhausted.  Dkt. 19.  In Washington, however, "it has been

1   long-established that the pendency of an appeal does not affect the preclusive effect of a

2   judgment rendered at the trial level." *Martinez v. Universal Underwriters Ins. Co.*, 819

3   F. Supp. 921, 922 (W.D. Wash. 1992) (citing *Riblet v. Ideal Cement Co.*, 57 Wn.2d 619

4   (1961)).  The Court will therefore consider Morhous's motion for summary judgment.

5          **1.      *Rooker-Feldman* Doctrine**

6          Morhous first argues that the Court lacks subject matter jurisdiction over

7   Hyytinen's claims under the *Rooker-Feldman* doctrine.  *Id.* at 2.

8          Under the *Rooker-Feldman* doctrine, "a federal district court does not have subject

9   matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel*

10  *v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).  The doctrine applies when "a federal

11  plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and

12  seeks relief from a state court judgment based on that decision . . . ." *Id.* at 1164.  The

13  doctrine, however, does not apply when "a federal plaintiff asserts as a legal wrong an

14  allegedly illegal act or omission by an adverse party . . . ." *Id.*  This principle remains

15  true even where "the same or a related question was earlier aired between the parties in

16  state court." *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011) (internal quotation marks

17  omitted).

18         Here, the *Rooker-Feldman* doctrine does not deprive the Court of jurisdiction over

19  Hyytinen's claims.  In his complaint, Hyytinen does not assert that the state court's

20  decision was erroneous.  Rather, Hyytinen asserts that Morhous violated his due process

21  rights and acted negligently.  Hyytinen therefore "asserts as a legal wrong an allegedly

22  illegal act or omission by an adverse party." *Noel*, 341 F.3d at 1164.  Under these

1   circumstances, the *Rooker-Feldman* doctrine does not apply.  *Maldonado v. Harris*, 370

2   F.3d 945, 950–51 (9th Cir. 2004).

3         **2.      Res Judicata**

4         Next, Morhous contends that Hyytinen's claims are barred by the doctrine of res

5   judicata.  Dkt. 16 at 7–10.

6         Although a federal suit may "not [be] barred by *Rooker-Feldman*, it might

7   nonetheless be claim-precluded under res judicata principles."  *Maldonado*, 370 F.3d at

8   950.  In Washington, the doctrine of res judicata precludes "claim splitting."  *Ensley v.*

9   *Pitcher*, 152 Wn. App. 891, 898–99 (2009).  Claim splitting occurs when a party files two

10  separate lawsuits based on the same events.  *Id.* at 898.  "The general rule is that if an

11  action is brought for part of a claim, a judgment obtained in the action precludes the

12  plaintiff from bringing a second action for the residue of the claim."  *Karlberg v. Otten*,

13  167 Wn. App. 522, 535 (2012) (internal quotation marks omitted).  Thus, "all issues

14  which might have been raised and determined are precluded."  *Shoemaker v. City of*

15  *Bremerton*, 109 Wn.2d 504, 507 (1987).  Moreover, section 1983 does not override state

16  preclusion law.  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984).

17        "The threshold requirement of res judicata is a final judgment on the merits in the

18  prior suit."  *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 865 (2004).  In addition

19  to a final judgment on the merits, the subsequent action must be identical with the prior

20  action in four respects: "(1) subject matter; (2) cause of action; (3) persons and parties;

21  and (4) the quality of the persons for or against whom the claim is made."  *Rains v. State*,

22  100 Wn.2d 660, 663 (1983).

1    Here, there is a final judgment on the merits.  The Kitsap County Superior Court

2  granted summary judgment in favor of the State Patrol and dismissed Hyytinen's claims.

3  *See In re Estate of Black*, 153 Wn.2d 152, 170 (2004) ("[A] grant of summary judgment

4  is a final judgment on the merits with the same preclusive effect as a full trial.").

5    The additional res judicata elements are also satisfied.  First, the subject matter

6  between the two actions is identical.  Both cases involve the seizure of Hyytinen's

7  Escalade.  Thus, there is identity of subject matter.

8    The causes of action are also identical.  To determine whether the causes of action

9  are sufficiently the same, the Court considers the following four criteria:

10    (1) Whether rights or interests established in the prior judgment would be
      destroyed or impaired by prosecution of the second action; (2) whether
11    substantially the same evidence is presented in the two actions; (3) whether
      the two suits involve infringement of the same right; and (4) whether the
12    two suits arise out of the same transactional nucleus of facts.

13  *Rains*, 100 Wn.2d at 664.  "It is not necessary that all four factors favor preclusion to bar

14  the claim."  *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995)

15  (applying Washington law).  Here, the first criterion is not applicable.  Hyytinen's claims

16  against the State Patrol were dismissed in the state action, and thus the prior judgment did

17  not establish rights or interests that would be impaired by a federal action.  In regards to

18  the remaining criteria, the evidence necessary in both cases is identical.  Both cases

19  involve infringement of due process rights.  Lastly, the two suits arise out of the same

20  transactional nucleus of facts—the seizure of the Escalade.  Accordingly, the causes of

21  action are identical.

22

ORDER - 7

1    The parties are also identical for the purposes of res judicata.  In a footnote,

2    Hyytinen argues that the defendants in the two cases are different.  Dkt. 19 at 2 n.1.

3    Hyytinen alleged claims against the State Patrol in the state court case.  Here, he alleges

4    claims against Morhous in his personal capacity.  "Different defendants in separate suits

5    are the same party for res judicata purposes as long as they are in privity."  *Ensley*, 152

6    Wn. App. at 902.  "The employer/employee relationship is sufficient to establish privity."

7    *Id.*  At the time of the incident, Morhous was employed by the State Patrol as a detective.

8    Accordingly, Morhous and the State Patrol are in privity.  Given that Morhous and the

9    State Patrol are in privity, the quality of the parties is identical as well.  *See id.* at 906–07.

10    In sum, Hyytinen's claims against Morhous are barred by the doctrine of res

11   judicata.  The Court grants Morhous's motion for summary judgment.

12   **C.    Motion for Attorney Fees**

13    Morhous also moves for $11,437.50 in attorney fees under RCW 4.84.185.  Dkt.

14   16 at 12.  Hyytinen did not respond to Morhous's motion for fees, which the Court may

15   consider as an admission that Morhous's motion has merit.  Local Rules, W.D. Wash.

16   LCR 7(b)(2).

17    Under RCW 4.84.185, the Court may award attorney's fees upon a finding that the

18   lawsuit was "frivolous and advanced without reasonable cause . . . ."  RCW 4.84.185.  "A

19   lawsuit is frivolous when it cannot be supported by any rational argument on the law or

20   facts."  *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925, 938 (1997).

21    Here, the Court finds that Hyytinen's claims against Morhous are frivolous and

22   advanced without reasonable cause.  Hyytinen filed two separate lawsuits based on the

1  same events.  As discussed above, the doctrine of res judicata precludes such claim

2  splitting.  Moreover, Hyytinen's counsel acknowledged during oral argument before the

3  Washington Court of Appeals that he could have alleged claims against Morhous in the

4  state court case, but purposely did not do so.  Morhous is therefore entitled to attorney

5  fees under RCW 4.84.185.

6        Although Morhous is entitled to attorney fees, the Court finds that Morhous's

7  requested amount of fees is unreasonable.  Morhous seeks fees for 45.75 hours spent

8  defending against Hyytinen's claim.  *See* Dkt. 16 at 12; Triesch Dec. ¶ 22.  Upon review

9  of the briefs and the record, the Court finds that 30 hours is more reasonable.

10  Accordingly, the Court awards Morhous $7,500 in attorney fees.

11  **IV. ORDER**

12        Therefore, it is hereby **ORDERED** that Morhous's motion for summary judgment

13  (Dkt. 16) is **GRANTED** and Morhous's motion for attorney fees (Dkt. 16) is

14  **GRANTED in part** and **DENIED in part** as stated herein.  The Clerk shall close this

15  case.

16        Dated this 3rd day of March, 2015.

17

18

19  BENJAMIN H. SETTLE
   United States District Judge

20

21

22

ORDER - 9